**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

JAMES E. HORVATH                                                                                         PETITIONER

VS.                                          4:07CV00157 WRW/JTR

JAY WINTERS,
Sheriff, Pope County, Arkansas                                                                      RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.Why the record made before the Magistrate Judge is inadequate.

> 2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.
>
> 3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## I. Background

Pending before the Court is Respondent's Motion to Dismiss this § 2254 habeas action on the grounds that Petitioner has failed to exhaust his state-court remedies. (Docket entry #11.) Respondent has filed a Response (docket entry #15), and the issues are joined and ready for disposition.

Before addressing Respondent's Motion, the Court will briefly review the relevant procedural history. On January 31, 2007, Petitioner was convicted in Russellville District Court of misdemeanor harassment and disorderly conduct. According to Petitioner, he was sentenced to one year in the county jail and a $1,000 fine. (Docket entry #2 at 1.) Petitioner appealed his convictions to the Pope County Circuit Court, docketed as Pope County Circuit Court No. CR 2007-96, and his appeal bond was set at $20,000.00.

While Petitioner's appeal to Pope County Circuit Court was pending, Petitioner filed a *pro se* Petition for a Writ of Certiorari with the Arkansas Supreme Court, in which he requested: (1) release from detention; (2) elimination or reduction of bond; and (3) a transcript of the lower court proceedings. Because the record reflected that Petitioner was represented by counsel in his pending circuit court appeal, the Court dismissed the *pro se* Petition. *Horvath v. Pope County Circuit Court*, 2007 WL 1367584 (Ark. 2007) (unpublished *per curiam*).

On March 2, 2007, Petitioner initiated this 28 U.S.C. § 2254 habeas action. Petitioner challenges his misdemeanor convictions in the Russellville District Court, and asserts the following grounds for habeas relief: (1) ineffective assistance of counsel; (2) *Brady* violations; (3) actual innocence; and (4) a biased trial judge. (Docket entry #2.) In his Motion to Dismiss, Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust his state-court remedies. (Docket entry #11.) In response, Petitioner essentially reargues the merits of his habeas claims, and alternatively requests that the Court stay this action, rather than dismiss it. (Docket entry #15.)

For the reasons discussed below, the Court concludes that Respondent's Motion has merit, and recommends that this action be dismissed, without prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Additionally, the AEDPA further provides that a prisoner has not fully exhausted his state remedies "if he has the right under the law

of the State to raise, by *any available procedure*, the question presented." 28 U.S.C. § 2254(c)(emphasis added).

Petitioner maintains that he is appealing his District Court convictions to the Circuit Court of Pope County. The Circuit Clerk has orally informed the Court that: (1) the State moved to dismiss Petitioner's appeal to Circuit Court in Case No. 2007-96; (2) the Pope County Circuit Court granted the State's motion to dismiss on August 20, 2007; and (3) on September 11, 2007, Petitioner filed a Notice of Appeal of the dismissal order to the Arkansas Supreme Court. Because Petitioner is currently pursuing a direct appeal before the appellate courts of Arkansas, his habeas claims remain *unexhausted*.

Petitioner alternatively requests that this action be stayed. The United State Supreme Court has held that, under the AEDPA, a United States District Court has discretion to "stay and abey" a mixed habeas petition while a petitioner returns to state court to exhaust his unexhausted claims. In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Court held that mixed petitions should be stayed, rather than dismissed, "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."

This case does *not* present a "mixed" habeas action of exhausted and unexhausted claims.[1] The convictions Petitioner is challenging are all still the subject of state-court direct appeal

---

[1] Petitioner argues that his claim challenging his appeal bond was exhausted when the Arkansas Supreme Court dismissed his Petition for a Writ of Certiorari. Even if Petitioner is correct, that claim is now moot because Petitioner is no longer incarcerated in the Pope County Detention Center due to his misdemeanor harassment and disorderly conduct convictions that are the subject of this habeas case. Petitioner is now in the custody of the Arkansas Department of Corrections based on a May 10, 2007 felony stalking conviction in Pope County Circuit Court. *See* docket entry #11, Ex. 1.

proceedings. Thus, Petitioner has not demonstrated any basis for a stay of this action.

Based on the foregoing undisputed facts and controlling legal precedent, the Court concludes that Respondent's Motion to Dismiss should be granted.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Motion to Dismiss (docket entry #11) be GRANTED, and that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket entry #2) be DISMISSED, WITHOUT PREJUDICE.

Dated this 25th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE